IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEFFERY BRADLEY,

               Plaintiff,          6:10-cv-06404-AA

               v.                  ORDER

MAX WILLIAMS, et al.,

               Defendants.

AIKEN., District Judge.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when defendants imposed sex offender treatment on him as a condition of his post-prison supervision. Plaintiff alleges that because he had not been convicted of a sex offense the imposition of these conditions were impermissible under Oregon law and violated his federal constitutional rights. Plaintiff

1 - ORDER

seeks declaratory relief and damages. Fourth Amended Complaint (#66).[1]

As a preliminary matter, plaintiff has filed a Motion for Appointment of Counsel (#63). Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(d), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). There are no funds available to pay the services of such volunteer counsel.

Plaintiff has not established any exceptional circumstances that would justify a request for volunteer counsel in this case. Therefore, plaintiff's Motion for Appointment of Counsel (#63) is denied.

The alleged fats giving rise to plaintiff's claims are as follows: In 1983, plaintiff was arrested for Rape I and Sodomy

---

[1]Plaintiff has filed three amended complaints. I construe plaintiff's "Supplemented Pleading to the Amended Complaint" (#66) as the operative pleadings before the court.

I in Oregon. The charges were subsequently dismissed.

In 2005, plaintiff was sentenced to 36 months in prison and 36 months post-prison supervision for the crimes of Burglary I and Criminal Mistreatment. Due to his 1983 arrest, plaintiff was classified as "Static-99," which is a classification used by the Oregon Department of Corrections [ODOC] to classify inmates convicted of sex crimes. ODOC initially failed to notify plaintiff of the classification, but it was removed on March 23, 2007. Plaintiff was also classified as a "Special Case Factor 26 Sex-Offense (not a major crime)." After two years, this classification was removed.

Plaintiff was released from incarceration in January, 2008. Plaintiff's conditions of PPS included the requirement that he complete sex offender treatment. Plaintiff requested administrative review of these conditions, but the Board declined to rescind them from its order. Plaintiff petitioned the Oregon Court of Appeals for judicial review of the Board's order. The petition was dismissed as moot when plaintiff's term of PPS expired.

On December 23, 2008, plaintiff was sanctioned to five days in jail by the local supervisory authority (defendant Brosemer) for failing to complete sex offender treatment. As a result of his incarceration plaintiff lost his employment

3 - ORDER

and housing.  Third Amended Complaint (#66) p. 2-3.

Plaintiff alleges "9a0s a result of the defendants'
actions they deprived plaintiff of his rights under Oregon
State law and the Due Process Clause of the Fifth and
fourteenth Amendments of the United States Constitution. Id.,
p. 8.

Before the court are defendants' motions to dismiss (#52)
and (#53).

Plaintiff's allegations make clear that he is seeking to
hold defendants Williams and Burger liable in their
supervisory capacities, ie. On a theory of respondeat
superior.  However, it is well settled that respondeat
superior is not a proper basis for liability under 42 U.S.C.
§ 1983.  Monell v. Depratment of Social Services, 436 U.S.
658, 691-694 (1978).  A supervisor is liable for the
constitutional violations of his subordinates only if the
supervisor participated in or directed the violations, or knew
of the violations and failed to act to prevent them.  King v.
Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); Taylor v. List, 880
F.2d 1040, 1045 (9th Cir. 1989);.  See also, Shaw v. Stroud,
13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only
when a) actual or constructive knowledge of a pervasive and
unreasonable risk of injury; b) deliberate indifference to or
tacit authorization of the practice; and c) an affirmative

causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); see also, Jane Doe A v. Special School District, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

Plaintiff has not alleged any facts that would establish that defendants Williams or Burger personally participated in the alleged constitutional violations giving rise to plaintiff's claims or knew about them and failed to act to prevent them. Therefore, plaintiff has failed to state a claim against defendants Williams or Burger.

Defendants Powers, Felton, Baker and Wheeler are current or former members of the Oregon Board of Parole. The Board,

its members and their assistants are entitled to absolute immunity and/or quasi-judicial immunity when performing official quasi-judicial functions. Anderson v. Boyd, 714 F.2d 906, 908-909 (9th Cir. 1983)("quasi-judicial immunity completely shields covered officials when they perform the functions which give rise to the need for absolute protection, even if the officials make egregious mistakes in carrying out these duties."); Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1984); Bermudez v. Duenas, 936 F.2d 1064 (9th Cir. 1991); see also, Sopher v. Washington, 2008 WL 4793173, *11-12 (D. Or. Oct. 30, 2008) (claims for injunctive relief and damages for alleged "due process claims premised upon the specific decision making" process of the Board barred by 1996 amendments to § 1983) (citing Montero v. Travis, 171 F.3d 757, 761 (2nd Cir. 1999)).

Plaintiff does not allege that the Board was acting outside of its official capacity when it imposed the conditions at issue in this proceeding. Plaintiff only alleges that the Board used its authority in a way that was improper and illegal. Accordingly, defendants Powers, Felton, Baker and Wheeler are entitled to absolute immunity from liability to plaintiff, and plaintiff's allegations against them fail to state a claim.

Even if the defendant Parole Board members were not

6 - ORDER

entitled to immunity, I find that plaintiff has failed to state a claim against them.

To state a claim cognizable under § 1983, a plaintiff must allege the violation of a right secured by the "Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1998). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v Ada County Idaho, 199 F.3d 1385, 1391 (9th Cir. 1997)(quoting Poway Unified School District, 90 F.3d 367, 370 (9th Cir. 1996)). Thus, plaintiff's claim that the defendant Board members violated state law dose not state a claim cognizable under § 1983.

The violation of a state law can serve as the basis of a § 1983 action "where the violation of state law causes the deprivation of rights protected by the Constitution or laws of the United States." Draper v. Coombs, 792 F.2nd 915, 921 (9th Cir. 1986). However, plaintiff has failed to establish how the imposition of the sex offender treatment requirement violated any specific constitutionally protected right

In Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), the Ninth Circuit addressed the liberty interest implicated by requiring inmates to participate in sex offender treatment and

7 - ORDER

concluded that inmates, like plaintiff, who had not been convicted of a sex offense were entitled to the *procedural* due process guarantees under the standards set forth in Wolff v. McDonnell, 418 U.S. 539 (1974).

Assuming *arguendo* hat plaintiff had a liberty interest in not being subjected to sex offender conditions while on PPS, he has failed to allege that the Board denied him any of the Wolff v. McDonnell procedural due process guarantees.

In addition I find that plaintiff has failed to establish that the imposition of sex offender treatment as a condition of his PPS was illegal under Oregon law.

Plaintiff contends that ORS 163.205 to 163.479 require a conviction in before special conditions of post-prison supervision may be imposed to a petitioner's conditions of PPS.

However, the Oregon court of Appeals considered these statutes and concluded that "the board is authorized to impose special conditions of post-prison supervision based on an offenders criminal history and background, rather than based only on the current crimes of conviction." Weems /Roberts v. Board of Parole, 347 Or. 586 (2010).

In *Weems*, the petitioner, like plaintiff in this action, had been charged with, but never convicted of, various sex crimes. Based on Weems criminal history, the Board required

8 - ORDER

him to enter and complete a sex offender treatment program. The petitioner challenged this condition in an administrative appeal arguing that it was improper because he had never been convicted of a sex crime. The Oregon Supreme Court concluded that the Board acted within its authority when it determined the conditions of Weems' release.

Based on the Oregon Supreme Court's analysis in *Weems* I find that plaintiff has failed to establish that the imposition of the sex offender conditions was illegal under Oregon law. Thus even if a § 1983 violation could be premised on violations of Oregon state law, plaintiff's allegations fail to state a claim.

Plaintiff alleges that defendant Brosemer was a Deputy Sheriff employed by Lane County and was "plaintiff parole officer at all times relevant to this complaint." Plaintiff's Supplemented Pleading to the Amended Complaint (#66) p. 2. Plaintiff alleges "[o]n the afternoon of December 23, 2008, defendant Brosemer, gave plaintiff a five (5) day sanction, at Lane County Adult Corrections (LCAC). Defendant had no other reason for requiring plaintiff to do this treatment other than, 'The parole board says I can.'" Id. p. 9.

In Demoran v. Witt, *supra*, the Ninth circuit Court of Appeals held that probation officers are entitled to judicial immunity because, like parole officers, their functions "bear

9 - ORDER

a close association to the judicial process." 781 F.2d at 157.
I find that Defendant Brosemer is entitled to absolute
judicial immunity from liability to plaintiff for imposing the
5 day jail sanction on plaintiff.

To the extent defendant Brosemer may not be entitled to
absolute immunity, I find he is entitled to qualified
immunity.

Qualified immunity shields government officials "from
liability for civil damages insofar as their conduct does not
violate clearly established constitutional rights of which a
reasonable person would have known." Harlow v. Fitzgerald,
457 U.S. 800, 818 (1982). In deciding whether a defendant is
entitled to qualified immunity against a § 1983 claim, the
court must first decide whether the facts that the plaintiff
has alleged or proven establish the violation of a
constitutional right. If they do not, then the defendant is
entitled to qualified immunity. Secondly, the court must
decide whether the right at issue was clearly established at
the time of the defendant's conduct. If it was not, the
defendant is entitled to qualified immunity. Pearson v.
Callahan, 555 U.S. 223 (2009); Saucier v. Katz, 533 U.S. 194,
200-01 (2001).

In this case, for the reasons set forth above, I find
that plaintiff has failed to establish a violation of his

10 - ORDER

constitutional rights.  However, even assuming *arguendo* that defendant Brosemer's imposition of the five day jail sanction violated plaintiff's constitutional rights, I find that it would not be clear to a reasonable person in defendant Bosemer's circumstances that his sanction would violate plaintiff's rights.  Plaintiff's own allegations suggest that defendant Brosemer believed he was acting pursuant to a lawful directive of the Board. [*viz.*,  "The parole board says I can."]

Based on all of the foregoing, defendants' Motions to Dismiss (#52) and (#53) are allowed.   This action is dismissed.

**For purposes of continuing plaintiff's in forma pauperis status on appeal, I find that any appeal from this order would be taken in good faith.**

IT IS SO ORDERED.

DATED this $20$ day of March, 2012.

Ann Aiken
United States District Judge